UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA MUZUMALA,<br><br>                Plaintiff,<br><br>      -against-<br><br>DEPARTMENT OF HOMELAND SECURITY<br>SECRETARY ALEJANDRO MAYORKAS;<br>DEPARTMENT OF HOMELAND SECURITY;<br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT; IMMIGRATION AND<br>CUSTOMS ENFORCEMENT DIRECTOR TAE<br>JOHNSON; FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>                Defendants. | 22-CV-3789 (JGK)<br><br>ORDER OF SERVICE |

JOHN G. KOELTL, United States District Judge:

Plaintiff Joshua Muzumala, who is appearing pro se, brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, et seq., alleging that government agencies failed to respond adequately to his document requests. The Plaintiff also asserts claims under 6 U.S.C. § 345, 28 U.S.C. § 2201, 42 U.S.C. § 2000ee-1, and 18 U.S.C. § 242, alleging that the Defendants conspired to violate his constitutional rights. By order dated June 3, 2022, the Court granted Plaintiff's request to proceed in forma pauperis (IFP), that is, without prepayment of fees. The Plaintiff moves for pro bono counsel and for an order of service.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. See Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).[1] But the "special solicitude" in pro se cases, id. at 475 (citation omitted), has its limits – to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). But it does not have to accept as true "formulaic recita[ls] of the elements of a cause of action," which are essentially just legal conclusions. Twombly, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible — not merely possible — that the pleader is entitled to relief. Id. at 545.

---

[1] Unless otherwise specified, this Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

## BACKGROUND

The Plaintiff filed this action against the United States Department of Homeland Security (DHS); DHS Secretary Alejandro Mayorkas in his official capacity; United States Immigration and Customs Enforcement (ICE); ICE Director Tae Johnson in his official capacity; and the Federal Bureau of Investigation (FBI). Following is a summary of the facts drawn from the Plaintiff's second amended complaint,[2] which is, with attachments, more than 130 pages long and contains 195 numbered paragraphs. (ECF 9.)

The Plaintiff, who identifies himself as being "of African descent," moved to the United States in 2006. He is "an academic" and a certified public accountant. (Id. ¶ 5.) In 2019, the Plaintiff moved to New Paltz, New York, to enroll at the state university. (Id. ¶ 6.) At the time, the Plaintiff's application for permanent residency was pending with the United States Citizenship and Immigration Services (USCIS). (Id. ¶ 9.) The Plaintiff moved into an apartment complex called New Paltz Gardens, and a couple that lived there exhibited "severe xenophobia" and "racial animus." (Id. ¶¶ 6–7.) The property manager moved the Plaintiff to a different apartment within the complex, but the harassment continued. (Id. ¶ 8.) In April 2020, the Plaintiff started to hear neighbors "talk about [his] immigration status." (Id. ¶¶ 8.) The couple "involved" a man "who sounded as if he was from law enforcement, most likely including but not limited to immigration enforcement." (Id. ¶ 9.)

On September 15, 2020, the Plaintiff moved to Poughkeepsie, New York, but the couple from New Paltz became "active proxies working alongside the government agent," and started accusing him of crimes that could lead to his deportation. According to the Plaintiff, the agent

---

[2] While this matter was pending before Chief Judge Swain, the Plaintiff twice amended his pleading of his own accord. Thereafter, the matter was reassigned to my docket.

"gain[ed] access to adjacent apartments, and from there surveilled" the Plaintiff. (Id. ¶¶ 10–11.) On December 30, 2020, the Plaintiff moved to Brooklyn, but the couple and the agent continued to track him. (Id. ¶¶ 13–14.) On May 21, 2021, the Plaintiff's petition for permanent residency was approved, but the Plaintiff heard people "from the room above" say, "we will keep doing this until we run him out of the country." (Id. ¶ 16)

On June 26, 2021, the Plaintiff moved to New Orleans to enroll in a different academic program, but the couple and agent followed him there. (Id. ¶¶ 20-22.) Beginning in August 2021, when the Plaintiff showered, "he would experience irritation in his throat and his eyes, and the apartment would smell a little strange," and he believes he was "getting gassed with some type of irritant gas" similar to what occurred in the "Nazi era concentration camps." The Plaintiff also believed that "x-rays (or something to that nature)" were being directed towards him, possibly via "through-the-wall surveillance" and "through the body" technologies, resulting in multiple physical ailments. (Id. ¶¶ 24–28.)

On November 10, 2021, the Plaintiff returned to New York. (Id. ¶ 31 On January 6, 2022, the Plaintiff called the FBI office in New York to file a "civil rights complaint electronically." The person he spoke with tried to discourage him, implying "the FBI's foreknowledge of [the Plaintiff's] circumstances." On February 1, 2022, the Plaintiff submitted a FOIA request to the FBI. He received a confirmatory email but no other response. (Id. ¶¶ 71–75.)

On January 11, 2022, the Plaintiff filed an administrative complaint with the Office of Civil Rights and Civil Liberties (CRCL) within DHS. The response was that his complaint was "outside its jurisdiction." (Id. ¶¶ 76-77) On January 12, 2022, the Plaintiff complained to the Office of the Inspector General at DHS, and he was informed that he did not have any "legal rights or remedies" in connection with his CRCL complaint. (Id. ¶¶ 78–80.)

On January 19, 2022, the Plaintiff filed a FOIA request with USCIS seeking records

about his residency status. (Id. ¶¶ 89–90.) On March 3, 2022, the Plaintiff received records, none

of which indicated that there were removal proceedings pending against him. (Id. ¶ 92.)

Although the Plaintiff believes "that the absence of removal records . . . means that up until this

point there has been no removal proceedings against" him, he requested a follow up search, and

was informed that "all records responsive to his" request had been provided. The Plaintiff filed

an appeal, and on May 26, 2022, the Plaintiff received a response from Immigration and

Customs Enforcement (ICE), stating that, "34 pages of the records responsive" to his FOIA

request to USCIS "had originated from ICE," and noting that a disclosure exemption had been

applied. (Id. ¶ 96.) The Plaintiff requested "a statement affirming or denying the presence of

removal records in [his] file." No such statement was provided, but he was informed that there

was "no new information to disclose." (Id. ¶ 97.)

Attachments to the complaint show that USCIS and ICE determined that 1235 pages of

documents were responsive to the Plaintiff's FOIA request, that 1100 pages were provided to

him in full, 132 pages were "released in part," and 3 pages were withheld under a law

enforcement exemption. (ECF 9–1 at 52.) The Plaintiff challenges the withholding and redaction

of documents under the exemption, and all "illegal removal activities." (ECF 9 ¶¶ 98, 176) The

Plaintiff asserts violations of his rights to equal protection and due process, and other rights

protected under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States

Constitution. (Id. ¶¶ 18–19, 33–35; ECF 9–1 at 11, 25.) The Plaintiff seeks injunctive and

declaratory relief, and money damages. (ECF 9 at 51–52.)

## DISCUSSION

A.      **Statutory claims**

1.      **The Freedom of Information Act**

The Freedom of Information Act (FOIA), 5 U.S.C. § 552, provides members of the public

a right of access to some information from federal executive agencies. Federal courts have

jurisdiction to enforce this right if a requester can show that "an agency has (1) 'improperly;'

(2) 'withheld;' (3) 'agency records.'" Kissinger v. Reporters Comm. for Freedom of the Press,

445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). "Unless each of these criteria is

met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the

FOIA's disclosure requirements." U.S. Dep't of Just. v. Tax Analysts, 492 U.S. 136, 142 (1989).

Before seeking judicial review, a FOIA applicant must exhaust administrative remedies

by completing the administrative appeal process. 5 U.S.C. § 552(a)(6)(A)(i)–(ii); see Sloman v.

U. S. Dep't of Just., 832 F. Supp. 63, 65–66 (S.D.N.Y. 1993). The exhaustion requirement allows

the targeted agency to correct its own errors, which obviates unnecessary judicial review. See

McKart v. United States, 395 U.S. 185, 193–94 (1969); N.Y. Times Co. v. U.S. Dep't of Lab.,

340 F. Supp. 2d 394, 398 (S.D.N.Y. 2004) ("Prior to judicial review, the [plaintiff] must exhaust

h[is] administrative remedies.").

The FOIA establishes the following administrative process:

> Each agency, upon any request for records . . . shall (i) determine within 20 days
> (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any
> such request whether to comply with such request and shall immediately notify
> the person making such request of – (I) such determination and the reasons
> therefor[.]

5 U.S.C. § 552(a)(6)(A)(i); see 28 C.F.R. § 16.6(b), (c). If the request is denied, the requester

may appeal the adverse determination to the head of the agency within 90 days. 5 U.S.C.

§ 552(a)(6)(A)(i)(III)(aa). A FOIA requester is deemed to have exhausted his administrative

remedies if he files a timely appeal but the agency does not respond within applicable limits. Frost v. U.S. Dep't of Homeland Sec., 22-cv-2858, 2022 WL 1304534 at *2 (S.D.N.Y. May 2, 2022) (relying on 5 U.S.C. § 552(a)(6)(C)(i)).

The Plaintiff filed two FOIA requests, one with ICE, and one with the FBI. The Plaintiff asserts that he exhausted his administrative remedies with ICE, but he does not allege that he filed an appeal with the FBI after that agency failed to respond to his FOIA request. The Court grants the Plaintiff leave to replead his FOIA claim against the FBI.[3]

### 2. Other statutory claims

The Plaintiff invokes four statutes under which he seeks relief, 42 U.S.C. § 2000ee-1, 6 U.S.C. § 345, 28 U.S.C. § 2201, and 18 U.S.C. § 242. Section 2000ee "establishes the Privacy and Civil Liberties Oversight Board" within the executive branch, but it does not provide a private right of action to bring suit under this statute. See Manchanda v. Lewis, No. 20-cv-1773, 2021 WL 746212, at *7 (S.D.N.Y. Feb. 23, 2021) (holding that the plaintiffs' claim under § 2000ee "lacks a statutory basis."). Similarly, section 345 established the Office of Civil Rights and Civil Liberties (CRCL) within DHS to "review and assess" allegations of civil rights abuses and racial profiling, see Adelante Ala. Worker Ctr. v. U.S. Dep't of Homeland Sec., 376 F. Supp. 3d 345, 351 (S.D.N.Y. 2019), but it does not create an independent cause of action. See Elgamal v. Bernacke, No. 13-cv-867, 2016 WL 3968345, at *2 (D. Ariz. July 25, 2016) (noting that "no

---

[3] Individual federal officers are not proper defendants in a FOIA action. See Main St. Legal Servs., Inc. v. Nat'l Sec. Council, 811 F.3d 542, 546 (2d Cir. 2016) ("[T]he FOIA applies only to federal agencies."); Mancuso v. EPA, 12-CV-10272012 WL 6765360, at *4 (N.D.N.Y. Nov. 5, 2012) (federal agency, not individual federal officer, is the proper defendant in a FOIA action), report and recommendation adopted, 2013 WL 55838 (N.D.N.Y. Jan. 2, 2013); see also 5 U.S.C.§ 552(a)(4)(B) ("On complaint, the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.").

legal or procedural rights or remedies are provided to individuals" under 6 U.S.C. § 345 or 42

U.S.C. § 2000ee).

In the same vein, the Declaratory Judgment Act, 28 U.S.C. § 2201, on which the Plaintiff

also relies, "does not afford an independent basis for relief." Barbosa v. City of New York, No.

16-cv-7340, 2018 WL 4625620, at *5 (S.D.N.Y. Sept. 26, 2018) (citing Merco Prop., Inc. v.

Guggenheimer, 395 F. Supp. 1322, 1326 (S.D.N.Y. 1975)); see also In re Joint E. & S. Dist.

Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993) (holding that § 2201 does not "provide an

independent cause of action").

Finally, the Plaintiff invokes 18 U.S.C. § 242, but that statute is part of the United States

criminal code, and there is no private right of action under it. See Storm-Eggink v. Gottfried, 409

F. App'x 426, 427 (2d Cir. 2011); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511

(2d Cir. 1994) (affirming dismissal of plaintiff's claim under 18 U.S.C. § 242 because this

"criminal statute[] . . . do[es] not provide [a] private cause[] of action").

Accordingly, none of the four statutes on which the Plaintiff relies provides a basis for

any independent causes of action.

## B.    Constitutional claims

The Court construes the Plaintiff's constitutional claims against federal agencies and

officials as arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,

403 U.S. 388 (1971). See, e.g., Iqbal, 556 U.S. at 675 ("[Bivens] is the federal analog to suits

brought against state officials under [§ 1983].");  Morales v. City of New York, 752 F.3d 234, 237

(2d Cir. 2014). Under limited circumstances, a plaintiff may bring Bivens claims against a

federal official to seek redress for a violation of his constitutional rights. See Iqbal, 556 U.S. at

675. But Bivens relief is available only against individual federal officials who are personally

liable for the alleged constitutional violations, not against the United States. See FDIC v. Meyer,

510 U.S. 471, 484–86 (1994); Hightower v. United States, 205 F. Supp. 2d 146, 154–55 (S.D.N.Y. 2002). Further, "Bivens claims do not lie against federal employees in their official capacities, because such suits are considered actions against the United States, and are barred by the doctrine of sovereign immunity." Wright v. Condit, No. 13-cv-2849, 2015 WL 708607, at *1 (S.D.N.Y. Feb. 18, 2015) (citing Robinson v. Overseas Mil. Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994)).

The doctrine of sovereign immunity therefore bars the Plaintiff from pursuing constitutional claims under Bivens against the named federal agencies or the named individuals in their official capacities. The named individuals do not appear to have been sued in their personal capacities because the Plaintiff has not alleged any personal involvement by those officers.

In any event, any claims against the individual officers are foreclosed by the Supreme Court's recent decision in Egbert v. Boule, 142 S. Ct. 1793 (2022). In Egbert, the Court considered the Fourth Amendment claim under Bivens brought by the keeper of an inn in Washington state, a few yards from the Canadian border. Id. at 1800, 1802. The inn was known to be a smuggling hub, and the defendant Border Patrol agent had suspicions about a guest of the inn. Id. at 1800–01. The Border Patrol agent allegedly used excessive force against the innkeeper in violation of the Fourth Amendment. Id. Noting its previous holdings that Bivens claims are unavailable in new contexts if "special factors" counsel hesitation, id. at 1803, the Court denied the innkeeper's claim, holding that "a Bivens cause of action may not lie where, as here, national security is at issue." Id. at 1805. In this case, the individual defendants sued by the Plaintiff are officials of DHS and ICE. Suits against such officials, like the suit in Egbert, implicate national

security, and therefore a Bivens action against them cannot lie. See Gilson v. Alvarez, No. 21-cv-110, 2022 WL 2373866, at *6 (W.D. Tex. June 30, 2022).

## C.      Motion for counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, the Plaintiff's efforts to obtain a lawyer, and the Plaintiff's ability to gather the facts and present the case if unassisted by counsel. See Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Hodge v. Police Officers, 802 F.2d 58, 60–62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." Cooper, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, the Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## D.      Order of service on ICE in connection with FOIA claim

Because the Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[4] Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow the Plaintiff to effect service on Defendant ICE through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to: (1) check the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a

---

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

10

summons and deliver to the Marshals Service a copy of this order and all other paperwork

necessary for the Marshals Service to effect service on ICE and the United States.

The Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if he fails to do so.

## CONCLUSION

For the reasons set forth in this order, the Court dismisses, as barred by the doctrine of

sovereign immunity, the Plaintiff's claims against DHS, ICE, and Alejandro Mayorkas and Tae

Johnson in their official capacities. See 28 U.S.C. § 1915(e)(2)(B)(iii).

The motion for counsel is denied without prejudice. The motion for an order of service is

granted to the extent set forth in this order.

The Plaintiff is granted leave to file a third amended complaint to assert additional facts

showing that, prior to filing this action, he exhausted his administrative remedies with respect to

his FOIA claim against the FBI.[5]

The Clerk of Court is directed to: (1) mail an information package to the Plaintiff;

(2) complete the USM-285 form with the address for ICE, check the box on the USM-285 form

labeled "Check for service on U.S.A," and deliver to the U.S. Marshals Service all documents

necessary to effect service on ICE and the United States; and (3) terminate the pending motions.

(ECF 4, 7.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf.

---

[5] Because Plaintiff's third amended complaint will completely replace, not supplement, the second amended complaint, any facts or claims that Plaintiff wants to include from the second amended complaint in connection with his FOIA claims must be repeated in the third amended complaint.

Coppedge v. United States, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:
      New York, New York
      7/22/22

                            JOHN G. KOELTL
                      United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1.    U.S. Immigration and Customs Enforcement
       500 12th Street SW #5098
       Washington, DC 20536

2.    Merrick Garland
       U.S. Attorney General
       950 Pennsylvania Avenue, NW
       Washington, DC 20530–0001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                 (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial        Last Name

_____

Street Address

_____

County, City                          State              Zip Code

_____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                       State              Zip Code

Defendant 2:
_____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                       State              Zip Code

Defendant 3:
_____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                       State              Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and what each defendant personally did or failed to do that harmed you. Attach
additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address | | |
|---|---|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.