```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---
JOSHUA MUZUMALA,

                 Plaintiff,

  - against -

FEDERAL BUREAU OF INVESTIGATION, ET AL.,

                 Defendants.

22-cv-3789 (JGK)

ORDER

---

**JOHN G. KOELTL, District Judge:**

    The Court is in receipt of the plaintiff's submission styled as a second motion for default judgment against defendant United States Immigration & Customs Enforcement ("ICE") (ECF No. 21). The Court is also in receipt of the plaintiffs' submissions requesting that this Court "resume review of the action with respect to" the Federal Bureau of Investigation ("FBI"), a remaining defendant, and the Department of Homeland Security ("DHS"), a former defendant (ECF Nos. 22, 23).

    With respect to the motion for default judgment, the request for a default judgment remains premature because ICE has not yet been served. See ECF No. 20 (denying the plaintiff's first motion for default judgment without prejudice, due to lack of service on ICE). The time for the U.S. Marshals to effectuate service of the summons and complaint on ICE is **extended** to **February 24, 2023**. The plaintiff's motion for default judgment (ECF No. 20) is **dismissed** without prejudice.

The plaintiff also asks that the Court "resume review" of his claims against the FBI. See ECF No. 22. In a July 22, 2022 Order, the Court dismissed the plaintiff's Freedom of Information Act ("FOIA") claims against the FBI for failure to allege exhaustion of administrative remedies, but expressly granted the plaintiff leave to "replead his FOIA claim[s] against the FBI" in a third amended complaint. ECF No. 11 at 7; see also id. at 11. The plaintiff filed his third amended complaint on August 4, 2022. See ECF No. 15. However, it appears that the FBI has not been served with the summons and third amended complaint. Accordingly, the Court will enter a separate Order of Service directing the U.S. Marshals to effectuate service on the FBI.

Last, the plaintiff asks the Court to "resume review of the action with respect to . . . DHS." ECF No. 23. However, in its July 22, 2022 Order, the Court dismissed DHS from this action based on the facts alleged and DHS's entitlement to sovereign immunity. See ECF No. 11 at 11. The Court did not grant the plaintiff leave to assert amended claims against DHS, as the plaintiff seeks to do in his third amended complaint; and in any event, the plaintiff's recasting of his claims against DHS as alleged violations of the Administrative Procedure Act, 5 U.S.C. § 702, does not alter the analysis regarding the need to dismiss DHS from the litigation. See, e.g., ECF No. 15, ¶¶ 99-157. Because

DHS is no longer a party to the action, the plaintiff's request for review of the claims against DHS is **denied** as moot.[1]

The plaintiff is advised that until the FBI and ICE have been served with the summons and complaint in this action, any further correspondence from the plaintiff would be inappropriate, unless specifically requested or permitted by the Court.

The Clerk is directed to mail a copy of this Order to the pro se plaintiff, to note such mailing on the docket, and to close ECF Nos. 21, 22, and 23.

**SO ORDERED.**

Dated:   New York, New York
         December 22, 2022

                                      _____
                                             John G. Koeltl
                                     **United States District Judge**

---

[1] To the extent that either the plaintiff's attempt to reassert claims against DHS or the plaintiff's latest letter regarding DHS can be construed as a motion for reconsideration of the Court's July 22, 2022 dismissal of DHS from the action, any such motion fails. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Neither of the plaintiff's submissions with regard to DHS meet that standard. Thus, reconsideration is **denied.**